IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

     -vs-                                      CRIMINAL No. 99-0509 LH

MARVIN VIGIL,

          Defendant.

## MEMORANDUM OPINION AND ORDER

On June 14, 2011, Defendant Marvin Vigil filed a Motion for Immediate Discharge from Supervised Release (Doc. 27). The Court, having considered the motion, arguments, and applicable law, finds that the motion should be denied.

## I.    FACTUAL BACKGROUND

On May 5, 1999, a federal grand jury indicted Defendant Vigil on two counts: (1) Sexual Abuse of a Minor in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(D), and (2) Abusive Sexual Contact in violation of 18 U.S.C. §§ 1153, 2244, and 2246(3). Defendant subsequently pled guilty to Count 1 of the Indictment and the United States dismissed Count 2. This Court imposed a Judgment in this case on January 10, 2000, in which the Court sentenced Defendant to a term of imprisonment of 96 months and a term of supervised release of three years. (*See* Judgment (Doc. 25, filed Jan. 26, 2000) at 1-3.) This Court imposed five special conditions of supervision, including requiring Defendant to participate in a program for substance abuse and to participate in sex offender treatment. (*See id.* at 4.) Defendant subsequently began serving his term of incarceration.

On November 22, 2006, the United States, pursuant to 18 U.S.C. § 4248(a), filed a Certification of a Sexually Dangerous Person in the United States District Court for the Eastern District of North Carolina, certifying Mr. Vigil to be sexually dangerous. (*See* United States' Resp., Ex. 1 (Doc. 31-1).)  At that time, Mr. Vigil was in the custody of the Federal Correctional Complex, Butner, North Carolina, and his projected release date, based on Good Conduct Time release, was November 22, 2006.  (*See id.*, Ex. 1 at 3.)  As a result of the certification, Mr. Vigil remained in custody beyond his term of incarceration.

After he was certified as sexually dangerous, Mr. Vigil challenged the constitutionality of 18 U.S.C. § 4248, a challenge that culminated with a Supreme Court decision on May 17, 2010, upholding the statute's constitutionality under the Necessary and Proper Clause.  *See United States v. Comstock*, 130 S.Ct. 1949, 1954-56 (2010).  The case was remanded.  *Id.* at 1965.

On May 2, 2011, before a commitment hearing was held, the United States and Mr. Vigil entered into a Stipulation of Dismissal in which the United States agreed to dismiss the civil commitment case against him and "release [him] from custody, to begin serving any balance of his period of parole under his original supervised release term and any supervised release conditions imposed now or at any time during that supervised release term."  (*See* United States' Resp., Ex. 5 (Doc. 31-5) ¶ 2.)  The Stipulation further provided:  "Upon his release the Respondent shall report to the District of New Mexico Parole Office within seventy-two (72) hours of his release."  (*Id.*, Ex. 5 (Doc. 31-5) ¶ 3.)  The parties additionally stipulated that the "balance of Respondent's supervised release term will be deemed to have begun as of the date of his actual release from custody."  (*Id.*, Ex. 5 (Doc. 31-5) ¶ 4.)  Mr. Vigil was physically released from custody on May 6, 2011.  (*See* United States' Resp. (Doc. 31) at 2.)  On July 6, 2011, the Honorable Judge W. Earl Britt entered an Order in the United States District Court for the Eastern District of North Carolina dismissing

the case against Mr. Vigil based on the Stipulation of Dismissal.  (*Id.*, Ex. 4 (Doc. 31-4).)

Currently, Mr. Vigil is being held at the Diersen Charities Halfway House and is under supervision by United States Probation.  (*See* Def.'s Mot. (Doc. 27) ¶ 3.)  On June 14, 2011, Mr. Vigil filed a Motion for Immediate Discharge from Supervised Release in this Court (Doc. 27).  Mr. Vigil contends that, according to the plain language of 18 U.S.C. § 3624(e), Mr. Vigil's three-year term of supervised release expired on November 22, 2009, three years after the day of his projected release date of November 22, 2006.  The United States opposes the motion and argues that Mr. Vigil's term of supervised release did not commence until he was physically freed from the custody of the Bureau of Prisons on May 6, 2011.

## II.    LEGAL ANALYSIS

Mr. Vigil was not freed from confinement on November 22, 2009, because the United States began federal civil commitment proceedings pursuant to 18 U.S.C. § 4248, the civil commitment component of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, 120 Stat. 587 (2006).  Section 4248(a) of the Act states as follows:

> In relation to a person who is in the custody of the Bureau of Prisons, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person, the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is a sexually dangerous person. *A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.*

18 U.S.C. § 4248(a) (emphasis added).  The filing of the certification "*automatically stays* the individual's release from prison, thereby giving the Government an opportunity to prove its claims

at a hearing through psychiatric (or other) evidence." *Comstock*, 130 S.Ct. at 1954 (emphasis added).

A prisoner's supervision after release is governed by 18 U.S.C. § 3624(e), which states as relevant here:

> A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. *The term of supervised release commences on the day the person is released from imprisonment* and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e) (emphasis added).

Determining when Mr. Vigil's term of supervised release began thus requires determining what Congress meant by "released from imprisonment." Fortunately, this Court is not without guidance. The Supreme Court in *United States v. Johnson*, 529 U.S. 53 (2000), examined whether a prisoner's excess prison time, served as a result of additional convictions that were later declared invalid, should be credited to the supervised release term, reducing its length. *Id.* at 54. The Supreme Court determined that the term "released from imprisonment" in § 3624(e) means to be free from confinement. *Id.* at 57. The Court thus concluded that a term of supervised release commences upon a prisoner's actual, physical release from prison, not on the date he should have been released. *See id.* at 57-58. Consequently, the Supreme Court held that, where the prisoner had not yet been freed from the custody and confinement of the Bureau of Prisons, the excess time served on a vacated conviction could not reduce the length of a supervised release term because the term of supervised release had not commenced. *See id.* at 56-58. In so holding, the Supreme Court

4

explained that its interpretation comports with the goals underlying supervised release:

> Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration. *See* § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov.1998); *see also* S.Rep. No. 98-225, p. 124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release").

*Johnson*, 529 U.S. at 59.

Mr. Vigil, relying on *United States v. Brown*, No. 3:04-CR-00119 JWS, 2011 WL 1831627 (D. Alaska May 12, 2011), argues that *Johnson* is factually distinguishable, because it dealt with a defendant who was serving extra prison time in connection with a conviction, whereas Mr. Vigil was in custody serving extra time for civil commitment proceedings that were not in connection with a conviction. Mr. Vigil bases his argument on the tolling provision in § 3624(e), which states: "A term of supervised release does not run during any period in which the person is *imprisoned in connection with a conviction* for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e) (emphasis added). Mr. Vigil asserts that Congress, by explicitly allowing for tolling when a defendant is imprisoned in connection with a conviction, indicated that it did not intend for courts to toll the period of supervised release under any other circumstance.

This Court disagrees with the reasoning of *Brown*, which was too dismissive of the Supreme Court's ruling in *Johnson*. Although the *Johnson* case did not involve § 4248, its unambiguous holding is nonetheless dispositive in this context. The Supreme Court expressly stated: "Release takes place on the day the prisoner in fact is freed from confinement." *Johnson*, 529 U.S. at 58. The Supreme Court also unambiguously directed that "[s]upervised release does not run while an

individual remains in the custody of the Bureau of Prisons." *Id.* at 57.  In this case, the United States filed the civil commitment certification on the date Mr. Vigil should have been released.  Under § 4248(a), that filing automatically stayed his release, and consequently, Mr. Vigil was not physically freed from the confinement and custody of the Bureau of Prisons on November 22, 2006. Instead, Mr. Vigil was freed from confinement on May 6, 2011, after the United States and Mr. Vigil entered into a Stipulation of Dismissal of the civil commitment proceedings.  Although Mr. Vigil's continued confinement by the Bureau of Prisons following certification could no longer be classified as penal in nature, he had never been released from the custody of the Bureau of the Prisons, which the Supreme Court clearly stated is a prerequisite for the commencement of the term of supervised release.

Nothing in the language of the tolling provision compels a different result here than in *Johnson*.  As an initial matter, Congress did not expressly state in the tolling provision, or anywhere else in § 3624(e), that it was foreclosing a non-penal statute from delaying the commencement of supervised release.  That the tolling provision enumerates one instance of when tolling occurs does not indicate Congressional intent to forbid a stay of release from effectively delaying the commencement of the term of supervised release.   As the Supreme Court has made clear, "courts should 'not read the enumeration of one case to exclude another unless it is fair to suppose that Congress considered the unnamed possibility and meant to say no to it.'" *United States v. Buchanan*, 638 F.3d 448, 456 (4th Cir. 2011)  (quoting *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003)) (holding that term of supervised release is tolled when defendant absconds from supervision even though Congress in § 3624(e) only addressed supervised release tolling in imprisonment context).

Furthermore, the tolling provision only becomes relevant after a term of supervised release

6

begins, given that a term simply cannot run until after the term has commenced.  *See Tobey*, __ F.Supp.2d __, 2011 WL 2623495, at *14-15 (distinguishing between tolling and commencement provisions).  The operative provision is therefore the commencement provision of § 3624(e), for which the *Johnson* Court already elucidated the meaning.  Moreover, a comparison of the two provisions only further bolsters the argument that the *Johnson* holding applies here too.  In the commencement provision, Congress used the open-ended phrase "released from imprisonment," rather than the more restrictive phrase "imprisonment in connection with a conviction," as it did in the tolling provision, indicating that Congress intended the broad meaning of "imprisonment" when focusing on when a term of supervised release commences.  The ordinary meaning of "imprisonment" is that a person has been put in or is in prison, a definition that focuses on the nature of the confinement as opposed to the reason – penal or otherwise – for the confinement.  *See Tobey*, __ F.Supp.2d __, 2011 WL 2623495, at *4 (citing authority).  *See also United States v. Ide*, 624 F.3d 666, 670 (4th Cir. 2010) ("contention that the word 'imprisoned' can only refer to confinement following a conviction is incorrect").

Based on the plain language of § 3624(e), as interpreted by the Supreme Court in *Johnson*, and § 4248(a), the Court finds that Mr. Vigil's term of supervised release began on the day of his physical release from confinement, May 6, 2011.  *Cf. Tobey v. United States*, __ F.Supp.2d __, 2011 WL 2623495, at *16-18 (D. Md. June 29, 2011) (holding that petitioner's supervised release period had not yet begun because he was certified as sexually dangerous under § 4248 and had never been released from the custody and confinement of the Bureau of Prisons following his imprisonment); *United States v. Francis*, Cr. No. 03-166-KSF, 2011 WL 1642571, at *3 (E.D. Ky. May 2, 2011) (same); *United States v. Combe*, No. 1:04-CR-51 TS, 2011 WL 976892, at *2 (D. Utah Mar. 18, 2011) ("Under the statutes at issue here, Defendant's term of supervised release has not yet

7

commenced because he has not been released from imprisonment. Defendant has remained in custody pending the determination of whether he is a sexually dangerous person and has not been 'released from imprisonment.'"); *United States v. Bolander*, No. 01-CR-2864-L, 2010 WL 5342202, at *2 (S.D. Cal. Dec. 21, 2010) (concluding that § 3624(e) and § 4248(a), when read together, "direct that supervised release does not begin when an individual is [in] the custody of the Bureau of Prisons awaiting the resolution of commitment proceedings under § 4248 because he has not been 'released from imprisonment'").   This interpretation comports with the underlying purposes of supervised release, which are no less important following post-conviction civil commitment proceedings.   As the *Johnson* Court noted, "Supervised release has no statutory function until confinement ends."   *Johnson*, 529 U.S. at 59.

This Court is not unmoved by the equitable considerations in this case.   After all, Mr. Vigil spent more than four years beyond his sentence in the custody of the Bureau of Prisons under § 4248 only to have the United States dismiss the civil commitment case against him prior to a determination of the merits of that certification.   The United States contends that its justification for the dismissal was based "largely on the strength of the conditions of supervised release this Court actually had imposed on Vigil."   (United States' Resp. (Doc. 31) at 5 n.2.)   Those same strong conditions of supervised release, however, were in place at the time of Mr. Vigil's certification as sexually dangerous – before he spent an additional four years in Bureau of Prisons confinement. Nevertheless, the equitable considerations in this case were also present in the *Johnson* case, and as the Supreme Court therein observed:

> The statutory structure provides a means to address these concerns in large part.   The trial court, as it sees fit, may modify an individual's conditions of supervised release. § 3583(e)(2).   Furthermore, the court may terminate an individual's supervised release obligations "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest

of justice." § 3583(e)(1).  Respondent may invoke § 3583(e)(2) in pursuit of relief; and, having completed one year of supervised release, he may also seek relief under § 3583(e)(1).

*Johnson*, 529 U.S. at 60.

For all the foregoing reasons, the three-year term of supervised release that this Court imposed in its Judgment has not yet expired, and thus, the Court continues to have jurisdiction over Mr. Vigil.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Immediate Discharge from Supervised Release (**Doc. 27**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE